Case 2:23-cv-00321   Document 8   Filed on 12/29/23 in TXSD   Page 1 of 9

United States District Court
Southern District of Texas
**ENTERED**
December 29, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| RONALD THOMAS, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | Case No. 2:23-CV-00321 |
| | § | |
| KIM OGG, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Plaintiff Ronald Thomas, appearing *pro se* and *in forma pauperis*, has filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff's case is subject to screening pursuant to the Prison Litigation Reform Act.  *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915A.  The undersigned recommends that Plaintiff's § 1983 claim for declaratory and injunctive relief be DISMISSED with prejudice as frivolous and for failure to state a claim upon which relief may be granted.  The undersigned recommends further that the dismissal of this case count as a "strike" for purposes of 28 U.S.C. § 1915(g).[1]

### A. *Jurisdiction.*

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.  This case has been referred to the undersigned magistrate judge for case management and making recommendations on dispositive motions pursuant to 28 U.S.C. § 636.

---

[1] Plaintiff is **WARNED** that if he accumulates three strikes, he will not be allowed to proceed *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious injury.  *See* 28 U.S.C. § 1915(g).

### B. *Background.*

#### 1. *Plaintiff's underlying state conviction.*

Plaintiff is a prisoner in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID) and is housed at the McConnell Unit in Beeville, Texas. According to his complaint and supporting documents, Plaintiff is confined pursuant to a 2016 Texas state conviction for aggravated robbery rendered in the 339th Judicial District Court in Harris County, Texas. *See* Doc. No. 1, pp. 12, 14. Defendant was sentenced to life imprisonment. *Id*. at 14. His conviction was affirmed on direct appeal. *Thomas v. State*, No. 14-16-00355-CR, 2017 WL 4679279 (Tex. Ct. App – Houston [14th Dist.] Oct. 17, 2017). The Texas Court of Criminal Appeals refused Plaintiff's petition for discretionary review on April 18, 2018, and denied Plaintiff's petition for rehearing of that refusal on June 6, 2018. Plaintiff's conviction became final.

#### 2. *The habeas case.*

After exhausting his state remedies, Plaintiff filed a federal habeas petition in the Houston Division of this district. *Thomas v. Lumpkin*, No. 4:19-CV-00813 (S.D. Tex.) (the "Houston Habeas Case"). In his federal habeas action, Plaintiff claimed, among other things, that his trial defense counsel was constitutionally ineffective for failing to challenge the State's motion to amend the indictment. (Houston Habeas Case Doc. No. 1, p. 6; Doc. No. 2, pp. 15-21.)

United States Magistrate Judge Peter Bray considered Plaintiff's challenge and recommended denial of habeas relief. (Houston Habeas Case, Doc. No. 21, p. 9.) After noting that Plaintiff had challenged his counsel's performance for failing to object to the amendment of the indictment, Judge Bray concluded:

> The state habeas court found that the amendment was proper under state law. [record citation omitted] This court defers to the State court's characterization of state law. *See Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (collecting cases). Thus, Thomas failed to demonstrate that the trial court would have ruled in his favor had his counsel objected. Trial counsel was not required to make a fruitless objection. *See Wood v. Quarterman*, 503 F.3d 408, 413 (5th Cir. 2007) (reiterating that the "failure to raise meritless objections is not ineffective lawyering") (quoting Clark v. Collins, 19 F.3d 959, 966 (5th Cir. 1994)).

(Houston Habeas Case, Doc. No. 21, p. 9.) The district court adopted Judge Bray's recommended finding, denied Plaintiff's habeas petition, entered final judgment, and denied a certificate of appealability. *Id*., Doc. Nos. 23, 24. Plaintiff appealed to the United States Court of Appeals for the Fifth Circuit (*id*., Doc. No. 26), but the appellate court denied a certificate of appealability as well as Plaintiff's request for reconsideration of that denial. *Id.*, Doc. No. 42.

Since that time, Plaintiff has unsuccessfully sought relief from the district court's judgment denying his habeas petition. *See* Houston Habeas Case, Doc. Nos. 41, 43. In March 2023, Plaintiff moved to alter or amend the habeas judgment under Federal Rule of Civil Procedure 60(b), attaching an affidavit purportedly executed by his co-defendant from the state criminal case, in hopes that this "newly discovered evidence" would allow him to again challenge his conviction. *Id.*, Doc. No. 57. Plaintiff's bid to reopen his habeas case does not mention his asserted issue challenging the amendment to the indictment. *See id.*, Doc. No. 57, pp. 1-6. The district court transferred Plaintiff's request to the Fifth Circuit on December 20, 2023. (Houston Habeas Case, Doc. No. 67.) As of this writing, the Fifth Circuit has not granted Petitioner's requested relief. *See In re Thomas*, No. 23-20622 (5th Cir.).

### 3. *The current § 1983 action.*

In this action, Plaintiff sues Harris County District Attorney Kim Ogg, Assistant District Attorney Molly Wurzer, Assistant District Attorney Joseph Sanchez, Texas Attorney General

Ken Paxton, and Texas Governor Greg Abbott. *See* Doc. No. 1. Liberally construed, Plaintiff generally claims that Defendants Ogg, Wurzer, and Sanchez violated his due process rights by unconstitutionally applying Texas law to deprive him of a grand jury indictment in his state criminal case. *Id*. at 3-4. Defendants Paxton and Abbott, meanwhile, are "[o]fficers of the state under their governance used state statute to usurp the powers of the grand jury without constitutional safeguards. The abuse of official power to amend the indictment without allowing challenge to be meaningfully heard undermines the purpose of law of the grand jury." *Id*. at 3. Defendant explains that all of the defendants are "state actors who directly and indirectly allowed for the unconstitutional application of [Texas Code of Criminal Procedure] art. 28.10 to amend the indictment without allowing meaningful opportunity to be heard." *Id*. at 4.[2]

Plaintiff requests declaratory relief: "that the state applied art. 28.10 unconstitutionally without meaningful opportunity to be heard." (Doc. No. 1, p. 4.) He also requests injunctive relief: "that it is required that a 28.10 hearing to be held on the amendment to the indictment. And all future review of 28.10 centralized issues be conducted in compliance with due process." *Id*.

### C. Legal standard.

When a prisoner seeks to proceed *in forma pauperis* the Court shall evaluate the complaint and dismiss it without service of process if the Court finds the complaint frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A; *see also* 28 U.S.C. § 1915(e)(2)(B) (providing that a court shall review an *in forma pauperis* complaint as soon as

---

[2] Article 28.10 of the Texas Code of Criminal Procedure prescribes procedures for amendment to criminal indictments.

practicable and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from an immune defendant). A claim is frivolous if it has no arguable basis in law or fact. *Neitzke v. Williams,* 490 U.S. 319 (1989). A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998). A claim has no arguable basis in fact if "after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998).

"In analyzing the complaint, [the Court] will accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Jones v. Greninger,* 188 F.3d 322, 324 (5th Cir. 1999). "The issue is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim." *Id*. Therefore, the Court "should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint." *Id.* (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff must allege sufficient facts in support of its legal conclusions that give rise to a reasonable inference that the defendant is liable. *Id*.; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). The factual allegations must raise Plaintiff's claim for relief above the level of mere speculation. *Twombly*, 550 U.S. at 555. As long as the complaint, taken as a whole, gives rise to a plausible inference of actionable conduct, Plaintiff's claim should not be dismissed. *Id*.

Section 1983 provides a vehicle for redressing the violation of federal law by those acting under color of state law. *Nelson v. Campbell*, 541 U.S. 637, 643 (2004). To prevail on a § 1983

claim, the plaintiff must prove that a person acting under the color of state law deprived him of a right secured by the Constitution or laws of the United States. 42 U.S.C. § 1983; *West v. Atkins,* 487 U.S. 42, 48 (1988). A defendant acts under color of state law if he or she misuses or abuses official power and if there is a nexus between the victim, the improper conduct, and the defendant's performance of official duties. *Townsend v. Moya,* 291 F.3d 859, 861 (5th Cir. 2002).

### D. Discussion: Plaintiff's claim is Heck-*barred and should be dismissed.*

Liberally construed, Plaintiff claims that the defendants violated his constitutional due process rights by failing to properly follow Texas state law regarding amendment of the indictment in his state criminal case. (Doc. No. 1, pp. 3-4.) Plaintiff's due process claim is a challenge to the validity of his conviction, because it asserts that the defendants' actions resulted in an amended indictment that "changed the theory and prosecutable unit (victim)." *Id*. at 4.[3] Plaintiff continues: "Furthermore, the grand jury had its powers usurped in violation of the Separation of Powers Doctrine under Texas law." *Id*. The result, Plaintiff alleges, violated his "right not to be tried." *Id*. Plaintiff seeks relief that includes a declaration that the defendants acted unconstitutionally in his state criminal case and an injunction ordering a hearing regarding the indictment amendment in that case. *Id*.

The Supreme Court has held that a plaintiff seeking damages through § 1983 for an allegedly unconstitutional conviction or imprisonment must prove "must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a

---

[3] The amendment to the indictment changed the name of the victim from "Jourdane Russell" to "David Jourdane." (Houston Habeas Case, Doc. No. 21, p. 2.)

federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Courts have also applied *Heck* to claims for declaratory and injunctive relief – the relief sought by Plaintiff here. *E.g.*, *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005); *Clarke v. Stalder*, 154 F.3d 186, 190-91 (5th Cir. 1998) (*en banc*) (applying *Heck* to bar plaintiff's constitutional claims for injunctive relief that were fundamentally intertwined with his request for restoration of good-time credits).

Here, a successful outcome to Plaintiff's challenge would imply the invalidity of his conviction, because he attacks the amended indictment in his case and seeks relief that includes a declaration that his rights were violated in that case and an injunction ordering the reopening of the case so that a hearing can be held. Plaintiff's challenge therefore is barred by *Heck* unless his conviction has been overturned or habeas relief granted. *See Heck*, 512 U.S. at 486-87. Plaintiff's allegations in this § 1983 lawsuit, even accepted as true, fail to reflect that his conviction has been overturned or set aside by any court or that habeas relief has been granted, and Plaintiff does not claim or demonstrate that *Heck* somehow does not apply to him. Thus, Plaintiff cannot seek relief with respect to his due process claims challenging his state criminal conviction.

"Claims that are *Heck*-barred are legally frivolous and thus subject to *sua sponte* dismissal pursuant to 28 U.S.C. § 1915(e)(2)." *Castaneda v. Rosales*, No. EP-22-CV-00283, 2023 WL 2881786, at *3 (W.D. Tex. Mar. 31, 2023), *adopted*, 2023 WL 5473886 (W.D. Tex. Aug. 24, 2023). Plaintiff's suit should be dismissed with prejudice to its being asserted again until such time as the *Heck* conditions are met. *See Welsh v. Correct Care Recovery Solutions*, 845 F. App'x 311, 316 (5th Cir. 2021) (quoting *Deleon v. City of Corpus Christi*, 488 F.3d 649, 657 (5th Cir. 2007) (outlining appropriate dismissal language).

Additionally, the dismissal of Plaintiff's § 1983 case should trigger the imposition of a "strike" pursuant to 28 U.S.C. § 1915(g). Dismissals pursuant to *Heck* count as strikes because they are based on the plaintiff's failure to state a claim upon which relief may be granted. *See Randell v. Johnson*, 227 F.3d 300, 301 (5th Cir. 2000); *see also German v. Baker*, 124 F. App'x 257, 258 (5th Cir. 2005) (*per curiam*) (cautioning appellant that *Heck* dismissal and appeal of that dismissal "both count as strikes for purposes of 28 U.S.C. § 1915(g)").

### E. Conclusion and recommendation.

For the reasons stated above and for purposes of § 1915A, the undersigned recommends that the district court DISMISS Plaintiff's § 1983 as frivolous and for failure to state a claim upon which relief may be granted. Dismissal of Plaintiff's claim should be with prejudice to its being asserted again until such time as the *Heck* conditions are met. The district court should impose a "strike" against Plaintiff for purposes of 28 U.S.C. § 1915(g), and should instruct the Clerk of Court to send notice of this dismissal to the Manager of the Three Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov.

### F. Notice.

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within 14 days after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, and the United States District Court for the Southern District of Texas.

A failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 14 days after being

served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).

SIGNED on December 29, 2023.

_____
MITCHEL NEUROCK
United States Magistrate Judge