United States District Court
Southern District of Texas
**ENTERED**
March 07, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| RONALD THOMAS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:23-CV-00321 |
| | § | |
| KIM OGG, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**ORDER ADOPTING MEMORANDUM AND RECOMMENDATION**

Pending before the Court is Plaintiff's complaint (D.E. 1) for initial screening under the Prison Litigation Reform Act. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A. On December 29, 2023, United States Magistrate Judge Mitchel Neurock issued a Memorandum and Recommendation (M&R, D.E. 8), recommending that Plaintiff's complaint be dismissed as frivolous or for failure to state a claim upon which relief may be granted. Plaintiff timely filed his objections (D.E. 9) on January 8, 2024. Plaintiff also filed a Motion for the Court to Take Judicial Notice (D.E. 11) on February 22, 2024. While not timely, the Court construes the motion as additional objections and considers them on the merits.

At the heart of Plaintiff's complaint is that the state court indictment against him was amended to correct the name of the victim during the prosecution of the case without submitting the amendment to the grand jury and without Plaintiff having an opportunity to be heard on the amendment. He seeks a declaration that the state applied Texas Code of

Criminal Procedure Art. 28.10 unconstitutionally in his case because he did not have a meaningful opportunity to be heard.  He also asks that Defendants be enjoined from applying Art. 28.10 in a manner out of compliance with Art. 28.10.

The Magistrate Judge recommends that the case be dismissed as barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).  D.E. 8, p.7.  That is because a successful outcome would imply the invalidity of the prosecution and, hence, Plaintiff's conviction and sentence.  But his efforts to obtain relief by direct appeal or habeas corpus have been unsuccessful.  Therefore, he cannot obtain relief under § 1983.  *Heck, supra*.

Plaintiff first objects that because he was not properly charged by grand jury indictment, Defendants violated his rights under the Texas Constitution and the due process guarantees of the Fourteenth Amendment.  D.E. 9, p. 2.  To so hold would imply the invalidity of his conviction and relief is squarely barred by *Heck*.  The first objection is **OVERRULED**.

Second, Plaintiff attempts to avoid the *Heck* bar, objecting that he is not challenging his conviction, but is seeking declaratory and injunctive relief to govern the conduct of Defendants going forward.  D.E. 9, p. 2.  But a declaration that Art. 28.10 was not properly followed in his case is retrospective and would, again, imply the invalidity of his conviction.  Any other request, such as for a declaration of the meaning or application of Art. 28.10 or injunctive relief, would address the prosecution and related rights of defendants other than Plaintiff.  He does not suggest how he would have standing to seek relief that is designed to benefit others, not himself.  *See Lujan v Defenders of Wildlife*, 504

U.S. 555 (1992) (the irreducible minimum of standing is that the plaintiff must have suffered an injury in fact, caused by the conduct complained of, which is redressable by a favorable decision).  The second objection is **OVERRULED**.

In his third objection, Plaintiff argues that the *Heck* bar does not apply because he will not "necessarily" prevail in any proceeding in which he is given an opportunity to contest the amendment of the indictment.  D.E. 9, p. 3.  He states "that the conviction is not 'necessarily' invalidated by holding a hearing on the amendment to the indictment itself."  *Id*. Plaintiff will not be permitted to contest the amendment unless his conviction is first found to be infirm.  *Heck* does not permit the Court to use § 1983 in a collateral attack to find the conviction infirm.  So the possibility that the indictment issue would be decided against Plaintiff in a new proceeding regarding his prosecution is not the focus of the inquiry.  The third objection is **OVERRULED**.

Fourth, Plaintiff objects to the Magistrate Judge's conclusion that Plaintiff has not claimed that *Heck* is inapplicable.  D.E. 9, p. 3.  In the course of this objection, Plaintiff makes reference to numbered facts that do not correspond with anything in the record. Nothing in Plaintiff's complaint anticipated or defeated the *Heck* bar.  Thus, the Magistrate Judge did not err in his observation and the fourth objection is **OVERRULED**.

Fifth, Plaintiff objects that the Magistrate Judge exhibited bias by referring to him as "Defendant" rather than as Plaintiff in one instance in the M&R.  D.E. 8, p. 4.  This was clearly a clerical error with no effect on the analysis.  The fifth objection is **OVERRULED**.

3 / 5

In his motion to take judicial notice, Plaintiff makes the same complaints expressed in his objections and appears to want his claims of injustice to be made public to prevent judges from acting on bias and to correct an illegal procedure that is, as a policy matter, contributing to the foundational cause of progressive crime and progressive violence nationwide.  D.E. 11.  This Court does not make policy decisions.  Each of the judicial proceedings Plaintiff has participated in is already a matter of public record.  And the Court rejects Plaintiff's claims—whether already disposed of above or improperly raised for the first time as carried over from Plaintiff's other appeals and habeas challenges.  The motion is not grounded in any cognizable complaint and is **DENIED**.

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Memorandum and Recommendation, as well as Plaintiff's objections, and all other relevant documents in the record, and having made a de novo disposition of the portions of the Magistrate Judge's Memorandum and Recommendation to which objections were specifically directed, the Court **OVERRULES** Plaintiff's objections (D.E. 9), **DENIES** his motion for judicial notice (D.E. 11), and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge.

Accordingly, the Court **DISMISSES** Plaintiff's § 1983 complaint as frivolous and for failure to state a claim upon which relief may be granted.  Dismissal of Plaintiff's claim is with prejudice to its being asserted again until such time as the *Heck* conditions are met. The Court imposes a "**STRIKE**" against Plaintiff for purposes of 28 U.S.C. § 1915(g), and

instructs the Clerk of Court to send notice of this dismissal to the Manager of the Three

Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov.

**ORDERED** on March 7, 2024.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE